OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Lester Davis appeals the March 2, 2003 Judgment Entry overruling his motion to suppress and to dismiss, and his subsequent conviction and sentence in the Ashland Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On December 27, 2002, the first day of primitive weapon deer season, Wildlife Officer Jeffrey Carter patrolled an area of County Road 1600 looking for deer hunters. His duties included enforcement of all laws pertaining to hunting, fishing, trapping, stream pollution, litter and firearm regulation. During his patrol, Officer Carter observed tire tracks entering into a field. He followed the tracks, eventually coming upon a vehicle and appellant standing about 50 yards from the vehicle. Officer Carter identified himself, and inquired as to what appellant was doing. Appellant told Officer Carter he was collecting deer urine to use as a cover scent when bow hunting for deer. Appellant stated he was not hunting, rather, he leased the property and had problems with people hunting without permission.
{¶ 3} Officer Carter informed appellant he needed to look at his vehicle in order to determine whether there was anything with a connection to possible wildlife violations. At this point, appellant saw someone sitting on the fence row without appellant's permission to be there. Officer Carter stated he did not see anyone, but as soon as he was finished looking at appellant's truck he would try to find the individual. Officer Carter then inquired of appellant as to whether he had any firearms. Appellant stated he had a .22 caliber rifle behind the seat.
{¶ 4} Appellant stated several times to Officer Carter he would need a search warrant to search the truck.
{¶ 5} While passing the driver's door, Officer Carter looked into the cab of the truck and saw a shotgun lying on the seat. He could see the action of the shotgun was silver. The silver was showing, indicating the action was closed. Officer Carter also noticed two sets of deer antlers, which appellant said he used as rattlers while bow hunting.
{¶ 6} Appellant again insisted Officer Carter needed a search warrant to search the truck. Appellant's actions resulted in his arrest for interference with an officer.
{¶ 7} Carter opened the vehicle and examined the gun, a twenty gauge shotgun with a closed action, finding one deer slug in the chamber and two in the magazine. After removing the shells, Carter moved the seat forward, finding a .22 semi-automatic firearm, which he then discovered was loaded. The .22 was not accessible to the driver.
{¶ 8} Appellant was charged in Ashland Municipal Court with one count of unlawfully possessing two loaded firearms in a motor vehicle, in violation of R.C. section 2929.16(B), and one count of unlawfully interfering with a wildlife officer in the performance of his duties, in violation of R.C. 1533.67. Appellant plead not guilty to both charges.
{¶ 9} On February 10, 2003, the trial court held an evidentiary hearing on a motion to suppress and a motion to dismiss filed by appellant. On March 2, 2003, the trial court, via Judgment Entry, overruled the motion to suppress and dismiss.
{¶ 10} Thereafter, a jury found appellant guilty of both charges. The trial court sentenced appellant to 90 days in the Ashland County jail on the firearms charge, and ordered appellant to pay a fine of $300 plus the costs of prosecution. The trial court sentenced appellant to 30 days in the Ashland County Jail on the interfering with a wildlife officer charge. The trial court ordered the sentences to be served consecutively. The trial court further ordered appellant forfeit the shotgun to the State, and ordered the .22 semi-automatic returned to its owner.
{¶ 11} It is from the trial court's March 2, 2003 Judgment Entry and his subsequent conviction and sentence appellant now appeals raising the following as assignments of error:
{¶ 12} "I. Defendant was denied due process of law when the court overruled his motion to suppress.
{¶ 13} "II. Defendant was denied due process of law when the court overruled his motion to dismiss.
{¶ 14} "III. Defendant was denied due process of law when he was convicted on a complaint which failed to charge an offense.
{¶ 15} "IV. Defendant was denied due process of law when the court ordered a forfeiture of the weapon."
 I, II
{¶ 16} Appellant's first and second assignments of error raise common and interrelated issues, therefore; we will address the assignments together. Appellant argues the trial court denied his right to due process by denying his motions to suppress and dismiss, because the evidence flowed from an unlawful search of appellant's vehicle.
{¶ 17} Specifically, appellant maintains the trial court misapplied the "plain view" doctrine. Appellant argues the officer could not determine the illegality of the firearm without examining it. We disagree.
{¶ 18} The incriminating character of the firearm was immediately apparent to the officer upon observation of the closed action. The officer's observation of the firearm in the vehicle with the action closed is sufficient probable cause to meet the "plain view" doctrine.
{¶ 19} The Ohio Supreme Court has held the "immediately apparent" requirement of the "plain view" doctrine is met when police have probable cause to associate an object with criminal activity. State v. Halczyszak (1986), 25 Ohio St.3d 301. In ascertaining the required probable cause, police officers may rely on their specialized knowledge, training and experience. Id.
{¶ 20} It is important to note appellant told Officer Carter there was a firearm in his vehicle. Officer Carter had the authority to approach appellant's truck pursuant to R.C. 1531.14. Upon looking into the vehicle, the illegality of the shotgun was immediately apparent as R.C. 2923.16(C)(4) requires a weapon be carried in a motor vehicle with the action open. The statute reads:
{¶ 21} "(C) No person shall knowingly transport or have a firearm in a motor vehicle, unless it is unloaded, and is carried in one of the following ways:
* * *
{¶ 22} "(4) In plain sight with the action open or the weapon stripped, or, if the firearm is of a type on which the action will not stay open or which cannot easily be stripped, in plain sight."
{¶ 23} On review of the statutory language, when looking into the vehicle and observing the closed action, the weapon's illegality was immediately apparent without further inspection. The statute requires a weapon in a vehicle to be both unloaded and to have the action open. In the case sub judice, appellant's having the weapon in the vehicle with the action closed, even if unloaded, was illegal.
{¶ 24} We find, therefore; the "plain view" exception to the warrant requirement is applicable since the illegality of the weapon was immediately apparent upon Officer Carter's approach and view into the vehicle.
{¶ 25} Appellant further argues R.C. 1531.14 is unconstitutional so far as it permits a warrantless search without probable cause. The following exchange took place at the motion hearing:
{¶ 26} "We would submit that Officer Carter was completely within his authority in this case and that the motion should be overruled.
{¶ 27} "MR. MASON: Your Honor, I have not — I'm sorry, I have not seen that statute. I was trying to find some authority, and I couldn't find it. And then Mr. Montague faxed over to me. —
{¶ 28} "THE COURT: I have it right in front of me. You're talking about 1531.14?
{¶ 29} "MR. MASON: Right. I'm not familiar with that. I guess it, without having seen it, I would only state that it would be hard to imagine that that statute would trump the 4th
Amendment. Well, not only hard to imagine, it couldn't trump the 4th Amendment, which prohibits unreasonable searches and seizures and requires them to be done at least upon reasonable suspicion of probable cause. Don't know if there's any annotated case law on that —
{¶ 30} "THE COURT: There is nothing.
{¶ 31} "MR. MASON: Okay. So that would be — my only response at this point would be that, to the extent that that statute would permit searches and seizures that would otherwise be invalid under the 4th Amendment, certainly that would be improper. And then I would also add that the decision from the 1st
District Court of Appeals also states that Section C would be unconstitutional as well. So I would agree with the State that that's a — doesn't make any difference with regard to our arguments here today regarding the constitutionality of that statute.
{¶ 32} "THE COURT: Okay, thank you gentlemen. All right. I am going to make a finding — well, first of all the Constitution prohibits unreasonable searches and seizures. 1531.14 appears to make wildlife officers — or permits them to enter upon lands for purposes of investigation. That makes — that statute makes the entry reasonable in my view, as well as in compliance — as provided by the statute.
{¶ 33} "The looking into the vehicle, there's no search involved there. There's no search implications by looking into a motor vehicle. And, in fact, as Mr. Montague points out, at night a look into a motor vehicle with a flashlight is not considered a search. So it was not a search here. There was a seizure and the seizure was based upon probable cause under the plain view doctrine. Number one, Officer Carter had the right to be where he was. He was lawfully there. The item was in plain view. The incriminating nature of the gun was immediately apparent. It fits all the elements of a plain view situation. That takes care of the search and seizures issues. The constitutional issue, Mr. Mason, I read Judge Painter's opinion on that court of appeals out of the 1st District. We're not obligated to follow that particular ruling. That ruling really related to handguns. I don't remember any reference in there to concealed shotguns, .22 rifles. I think it has to do with concealed handguns. So I don't think it fits here.
{¶ 34} "In any event, I'm not going to rely on that one case which is presently on appeal as precedent. I'm not going to find the statute unconstitutional." Tr. at 37-39.
{¶ 35} Statutes enacted in Ohio are presumed to be constitutional. See State ex rel. Jackman v. Cuyahoga Cty. Courtof Common Pleas (1967), 9 Ohio St.2d 159, 161-162. This presumption of constitutionality remains unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional. See, Roosevelt Properties Co. v. Kinney
(1984), 12 Ohio St.3d 7, 13, 12 OBR 6, 11, 465 N.E.2d 421, 427. See State v. Williams (2000), 88 Ohio St.3d 513.
{¶ 36} Upon review, appellant has not proven, beyond a reasonable doubt, the unconstitutionality of the R.C. Section1531.14. The statute reads:
{¶ 37} "Any person regularly employed by the division of wildlife for the purpose of conducting research and investigation of game or fish or their habitat conditions or engaged in restocking game or fish or in any type of work involved in or incident to game or fish restoration projects or in the enforcement of laws or division rules relating to game or fish, or in the enforcement of section 1531.29 or 3767.32 of the Revised Code, other laws prohibiting the dumping of refuse in or along streams, or watercraft laws, while in the normal, lawful, and peaceful pursuit of such investigation, work, or enforcement may enter upon, cross over, be upon, and remain upon privately owned lands for such purposes and shall not be subject to arrest for trespass while so engaged or for such cause thereafter."
{¶ 38} Clearly, the statute authorized Officer Carter to enter upon and remain upon the property. While on the property, Officer Carter inquired of appellant as to the possible violation of gaming laws. Appellant told Officer Carter of the presence of a firearm in his vehicle. Upon approach of the vehicle, Carter observed a shotgun in plain view with the action closed, in violation of Ohio law. Accordingly, in the case sub judice, we do not find appellant has proven beyond a reasonable doubt the unconstitutionality of the statute on its face or as applied. The warrantless search of the vehicle was proper, not based upon R.C. Section 1531.14, but, rather, as we found above, upon the "plain view" of an illegal firearm while lawfully on the property.
{¶ 39} For the foregoing reasons, appellant's first and second assignments of error are overruled.
 III
{¶ 40} Appellant's third assignment of error maintains he was denied due process of law when he was convicted on a complaint which failed to charge an offense.
{¶ 41} Ohio Criminal Rule 3 provides:
{¶ 42} "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."
{¶ 43} Ohio Criminal Rule 12 addresses defenses and objections, and states:
{¶ 44} "(C) Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
{¶ 45} "(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding);
* * *
{¶ 46} "(H) Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court pursuant to division (D) of this rule, or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver."
{¶ 47} Appellant has provided this court with a transcript of the hearing on his motions to suppress and dismiss only. Appellant failed to provide a transcript of the trial in this matter. A review of the hearing transcript and record provided on appeal does not establish appellant raised the issue at any time throughout the pendency of the proceedings before the trial court.
{¶ 48} Pursuant to Crim.R. 12, because appellant did not raise the issue at any time during the pendency of the proceedings before the trial court, appellant has waived arguing on appeal the complaint failed to charge an offense.
{¶ 49} The lack of a transcript of the proceedings allows this court no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
{¶ 50} The third assignment of error is overruled.
 IV
{¶ 51} Appellant's final assignment of error argues denial of due process of law when the court ordered a forfeiture of his weapon. Appellant argues there is no provision in the sentencing statute for the court to order forfeiture. Rather, he asserts pursuant to R.C. 2929.21, the maximum sentence for a felony of the fourth degree is six months imprisonment and a fine.
{¶ 52} R.C. 2933.41(C) provides:
{¶ 53} "(C) A person loses any right that the person may have to the possession, or the possession and ownership, of property if any of the following applies:
{¶ 54} "(1) The property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
{¶ 55} "(2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property."
{¶ 56} In the case sub judice, the trial court ordered forfeiture of appellant's .22 firearm and ordered appellant return the shotgun to its owner. Section (C)(1) set forth above would appear to have application to the .22 firearm as the weapon formed the basis for the charge, of which appellant was convicted. Although no particular procedure is established for accomplishing the forfeiture of property pursuant to R.C. 2933(C)(1), the provision appears to permit a trial court, as part of a judgment of conviction, to order the forfeiture of property used in the commission of an offense. See State v.Hanauer, Montgomery County Case No. 14492, May 3, 1995.
{¶ 57} Therefore, we find the trial court may properly order the forfeiture of property used in the commission of an offense. However, in the case sub judice, a review of the file reveals appellant failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App. .R. 10(A). Therefore, this Court has no choice but to presume the validity of the lower court's proceedings, and affirm the assignment of error. See Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197,199.
{¶ 58} The March 2, 2003 Judgment Entry overruling appellant's motion to suppress and to dismiss, and appellant's subsequent conviction and sentence in the Ashland Municipal Court are affirmed.
Judgment affirmed.
Farmer and Edwards, JJ., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgments of the Ashland Municipal Court are affirmed. Costs assessed to appellant.