JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Marcus Davis ("defendant"), appeals following his convictions and sentence for aggravated robbery and two counts of felonious assault with a three-year firearm specification. Defendant asserts that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. Defendant also maintains he was denied due process due to an alleged defect in the indictment. For the reasons that follow, we affirm.
 {¶ 2} Defendant waived his right to a jury trial in open court and the matter proceeded to a bench trial. Defendant was indicted, along with Robert Johnson, for aggravated robbery, and two counts of felonious assault, all counts included firearm specifications. The charges stemmed from an incident on October 23, 2005, where Johnson shot Mandy Soto in an alley in Cleveland.
 {¶ 3} Mr. Soto does not speak English and his testimony was obtained through the use of an interpreter. Soto testified that on October 23, 2005 he was driving home from work when he stopped in an alley to look at a tool box. He noticed an older and a younger man. He identified defendant as the older man and Johnson as the younger man.
 {¶ 4} Soto saw defendant talking to Johnson. Although he thought defendant might have been telling Johnson "maybe not to do anything to" him, he also noticed that defendant was relaxed or calm and Johnson was nervous. Because Soto does not understand English, he based his impressions on the body language the men were using. *Page 4 
 {¶ 5} Johnson walked up to the car, Soto accelerated the car, Johnson's gun then fired and hit Soto in the shoulder. Soto drove away and was later taken to the hospital by ambulance. Soto identified Johnson and defendant from a cold stand.
 {¶ 6} Johnson testified at trial and stated that he was at defendant's home on October 23, 2005. He and defendant were plotting to rob somebody. He stated that he and defendant were "equal" in their decision to commit a robbery. Johnson claimed that defendant gave him a gun and they went to rob someone. Johnson stated that defendant referred to the victim, Mr. Soto, as "that's a good lick right there." Johnson then proceeded to ask Soto if he sold weed. Soto responded by saying something in Spanish. Johnson told Soto to get out of the car but Soto drove off and Johnson shot him.
 {¶ 7} Donald Whitby testified on behalf of the defense. Whitby lived with defendant and was friends with both Johnson and defendant. He confirmed that both were present at his aunt's house (where Whitby and defendant lived) on October 23, 2005. He did not hear any conversation about robbery and never knew defendant to own or carry a gun.
 {¶ 8} Defendant was found guilty of all counts and the three-year gun specification.
 {¶ 9} We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion. *Page 5 
 {¶ 10} "I. The trial court's verdict is not supported by sufficient evidence where the State failed to present any credible evidence that Mr. Davis advised, hired, incited, commanded or counseled the principle [sic] offender."
 {¶ 11} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} Defendant maintains that the record lacks any evidence that he assisted, incited, or encouraged Johnson to commit the offenses. The State argued that defendant acted in complicity with Johnson.
 {¶ 13} R.C. 2923.03 prohibits complicity with others to commit crimes and provides as follows:
 {¶ 14} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 15} "* * *
 {¶ 16} "(2) Aid or abet another in committing the offense:
 {¶ 17} "* * * *Page 6 
 {¶ 18} "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were the principal offender. A charge of complicity may be stated in terms of this section, or in the terms of the principal offense."
 {¶ 19} A person aids and abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime, and shares the criminal intent of the principal. State v. Johnson (2001), 93 Ohio St.3d 240, 245-246,2001-Ohio-1336. Such intent may be inferred from the circumstances surrounding the crime. Id.
 {¶ 20} Contrary to defendant's assertion, the record does not reflect his mere presence at the scene. Rather, the testimony of the witnesses establishes some evidence that he supported, encouraged, advised, and incited Johnson in the commission of the crimes. At trial, the State presented evidence that defendant planned to rob someone with Johnson. Johnson testified that defendant gave him the gun and informed him that Soto would be a good "lick," i.e., robbery victim. Although Soto believed defendant might have been trying to stop Johnson, he could not understand what they were saying. Defendant did not stop Johnson who proceeded to shoot Soto. When Soto drove off, defendant was still with Johnson.
 {¶ 21} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant aided and abetted Johnson in the *Page 7 
robbery and felonious assault with gun specifications of Mandy Soto and the trial court properly denied his motion for judgment of acquittal.
 {¶ 22} Assignment of Error I is overruled.
 {¶ 23} "II. The trial court's verdict is against the manifest weight of the evidence where he relies almost exclusively on the testimony of the co-offender.
 {¶ 24} "III. Appellant's convictions for the gun specifications are against the manifest weight of the evidence where the State failed to present evidence that the appellant shared the same mens rea as the principal offender."
 {¶ 25} A manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 26} Defendant believes that the trial court erred by accepting the testimony of co-defendant Johnson.
 {¶ 27} The fact finder, here the trial court, was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. State v. DeHass (1967),10 Ohio St.2d 230. "Moreover, the law presumes that in a *Page 8 
bench trial the court considers only relevant, material, and competent evidence." State v. Bays, 87 Ohio St.3d 15, 27, citing State v.Post (1987), 32 Ohio St.3d 380, 384. Accordingly, we presume the trial court was well aware of the fact that the testimony of co-offenders is subject to grave suspicion and is required to be weighed with great caution. E.g., R.C. 2923.03. The trial court's explanation of its findings are both reasonable and supported by evidence in the record.
 {¶ 28} Contrary to defendant's opinion, Johnson's testimony is not in conflict with the victim's. Although Soto thought defendant might be trying to stop, he admittedly does not comprehend English. Soto confirmed that the men were talking but did not know what they were saying. Soto merely relayed his interpretation of the men's body language. To that end, Soto also testified that Johnson seemed nervous, while defendant appeared calm.
 {¶ 29} Secondly, defendant maintains that the manifest weight of the evidence establishes that he abandoned any criminal purpose, which is an affirmative defense to complicity.
 {¶ 30} R.C. 2923.03(E) provides:
 {¶ 31} "It is an affirmative defense to a charge under this section that, prior to the commission of or attempt to commit the offense, the actor terminated his complicity, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose." *Page 9 
 {¶ 32} To support his position, defendant again relies on Soto's interpretation of the men's body language. Because Soto thought defendant might have been trying to stop Johnson, defendant believes this establishes that defendant had abandoned any involvement in the offenses. This evidence, standing alone, is too tenuous to establish a complete and voluntary renunciation of criminal purpose. Primarily, Soto does not know for a fact that defendant did or said anything to try and stop Johnson. Soto does not understand English and could only confirm that the two men were talking. Even if defendant did tell Johnson not to do anything to Soto, this is not enough. Simply telling someone not to commit a crime does not satisfy the degree of proof required to establish the affirmative defense of abandonment. E.g., State v.Washington (May 31, 1991), Lucas App. No. L-90-199.
 {¶ 33} Assignments of Error II and III are overruled.
 {¶ 34} "IV. Appellant's State Constitutional right to a Grand Jury indictment and State and Federal Constitutional rights to due process were violated when his indictment omitted an element of the offense."
 {¶ 35} Defendant concedes that he did not raise this issue below. This Court has held that a failure to raise this issue at the trial court level constitutes a waiver of it for purposes of appeal. State v.Colon, Cuyahoga App. 87499, 2006-Ohio-5335, T ¶¶ TJ19-20, which provides in relevant part as follows: *Page 10 
 {¶ 36} `"[A]n indictment charging an offense solely in the language of a statute is insufficient when a specific intent element has been judicially interpreted for that offense.' State v. O'Brien (1987),30 Ohio St.3d 122, 124.
 {¶ 37} "Under Crim.R. 12(C)(2), defects in an indictment are waived if not raised before trial, except failure to show jurisdiction in the court or to charge an offense, which may be raised at any time during the pendency of the proceeding. Appellant here did not raise this issue at any time during the pendency of the proceedings before the trial court. Had he raised the issue in the trial court, the state could have amended the indictment to include the mens rea elements. Crim.R. 7(D);O'Brien, 32 Ohio St.3d at 125-26. Therefore, he has waived this argument on appeal. State v. Davis, Ashland App. No. 03COA016, 2004-Ohio-2255, at 48." Id.
 {¶ 38} Adhering to our precedent in Colon, we overrule this assignment of error on the basis that defendant has waived this argument by not raising it below.
 {¶ 39} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR. *Page 1