Cupp, J.
{¶ 1} The issue before us is whether, in the crime of aggravated robbery in violation of R.C. 2911.01(A)(1), the element of brandishing, displaying, using, or *397 indicating possession of a deadly weapon has a mens rea of recklessness, or whether strict liability is imposed with regard to that element. We conclude that R.C. 2911.01(A)(1) imposes strict liability for that element. Consequently, we reverse the court of appeals’ judgment.
I

A

{¶ 2} James Lester and an unnamed accomplice stole money from three men by drawing the victims into playing three-card monte. One of the victims (“victim two”) became suspicious and asked to see the bag that supposedly contained the players’ money. (At the start of the game, the players, including the victim, put their money in a paper bag ostensibly held for the winner of the game.) The bag that victim two saw turned out to be empty. Lester fled. Victim two then realized that a bank envelope containing $1,800, which had been in a briefcase near where Lester was sitting, was gone.
{¶ 3} Victim two chased Lester. Lester then pulled out a knife, showed it to victim two, and said to him: “I know how to use this knife and I will cut you.” Victim two tried to dial 9-1-1 on his cell phone to get help, but Lester grabbed the phone from his hand. Victim two gave chase, and some young boys helped him get the cell phone back. Lester escaped in a car with Tennessee license plates. Victim two identified the car, and the police apprehended Lester.
{¶ 4} Lester was charged with aggravated robbery, in violation of R.C. 2911.01(A)(1), and robbery, based on the theft of money from victim two, and two counts of theft from the elderly based on two other incidents.
{¶ 5} The jury convicted Lester of aggravated robbery, robbery, and the two counts of theft from the elderly. The trial court merged the count for robbery into the count for aggravated robbery before sentencing.

B

{¶ 6} On appeal, the First District Court of Appeals reversed Lester’s aggravated-robbery conviction based on its conclusion that Lester’s indictment was defective for failing to allege a mens rea element for the aggravated-robbery charge. State v. Lester, 1st Dist. No. C070383, 2008-Ohio-3570, 2008 WL 2781033, ¶ 21, 23. The issue whether Lester’s indictment for aggravated robbery was defective because it omitted a mens rea element was raised for the first time on appeal. Under the usual rule, errors not timely raised in the trial court are subject to review only for plain error. Crim.R. 52(B).
{¶ 7} Pursuant to this court’s decision in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (“Colon I”), however, the First District held that Lester’s conviction was subject to automatic reversal because the indictment’s *398 failure to specify a mens rea element for aggravated robbery was structural error.[1] Lester, 2008-Ohio-3570, 2008 WL 2781033, ¶ 20-24. The First District noted: “In this case, the trial court correctly instructed the jury on what would have been the proper mens rea element, i.e., knowingly, had that element not been omitted in the indictment. But under Colon [I] this was without consequence because at inception the defective indictment tainted the entire process.” Id. at ¶ 21. The First District’s reference to “knowingly” was to the mens rea element for the theft, which was an element of the aggravated-robbery offense. The appellate court did not identify recklessness as the mens rea required in displaying or brandishing the deadly weapon.
{¶ 8} The First District’s decision preceded by two weeks this court’s decision on reconsideration in State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 (“Colon II”), which clarified Colon I: “In a defective-indictment case that does not result in multiple errors that are inextricably linked to the flawed indictment such as those that occurred in Colon I, structural-error analysis would not be appropriate.” Id. at ¶ 7. This court in Colon II noted that not only was the indictment in that case defective for failure to state the mens rea element of “recklessness,” the trial court had not instructed the jury on recklessness as the applicable mens rea. Id. at ¶ 6. When the only error was the omission of the applicable mens rea from the indictment, traditional concepts of plain error would apply. Id. at ¶ 6-7.
{¶ 9} The state appealed the First District’s decision, and we accepted review of its sole proposition of law. State v. Lester, 120 Ohio St.3d 1416, 2008-Ohio-6166, 897 N.E.2d 652. The state’s proposition of law asserts: “There is no distinction, for the purpose of assigning a mens rea element, between the acts of possessing or controlling a deadly weapon during a theft and brandishing, displaying, using or indicating possession of a deadly weapon during a theft.”
II
{¶ 10} The parties disagree whether the state is required to charge any mens rea for the element of displaying, brandishing, indicating possession of, or using a deadly weapon in the aggravated-robbery statute. The state argues that the statute imposes strict liability for that element, and thus no mens rea must be *399 charged, while Lester argues that the state must charge that a defendant acted recklessly. R.C. 2911.01 provides:
{¶ 11} “(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
{¶ 12} “(1) Have a deadly weapon on or about the offender’s person or under the offender’s control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.” (Emphasis added.)
{¶ 13} Ohio law requires that for one to be found guilty of an offense, “[t]he person [must have] the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense.” R.C. 2901.21(A)(2). R.C. 2901.21(B) then provides:
{¶ 14} “When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.”
{¶ 15} R.C. 2911.01(A)(1) does not specify a degree of culpability, or a mens rea. The question here, then, is whether the General Assembly plainly indicated a purpose to impose strict liability for the conduct of displaying or using a deadly weapon, or whether recklessness is sufficient culpability for that element of the offense of aggravated robbery under R.C. 2911.01(A)(1).

A

{¶ 16} The indictment against Lester did not specify a mens rea for the element of brandishing, displaying, using, or indicating possession of a deadly weapon during the theft offense. As noted above, Colon II clarified that the omission of the mens rea element from an indictment does not require automatic reversal if the trial court properly instructs the jury. The trial court in this case did not instruct the jury that the element of brandishing, displaying, or using a deadly weapon during a theft offense requires a specific level of culpability, although the trial court did instruct the jury that it must find that Lester knowingly committed theft.
{¶ 17} The state’s failure to specify the mens rea in the indictment and the failure to instruct the jury on the mens rea for the element of brandishing, displaying, using, or indicating possession of a deadly weapon constitute error only if a specific level of culpability is required for the element. By contrast, if R.C. 2911.01(A)(1) imposes strict liability for the element, then the court of appeals erred in reversing Lester’s conviction.

*400
B

{¶ 18} In answering the question whether the aggravated-robbery statute, R.C. 2911.01(A)(1), “plainly impose[s] strict liability” with regard to the element of brandishing, displaying, using, or indicating possession of a deadly weapon, we must consider what we have previously said about the mens rea applicable to similar statutes.
1.
{¶ 19} In State v. Wharf (1999), 86 Ohio St.3d 375, 715 N.E.2d 172, paragraph one of the syllabus, this court held that “[t]he deadly weapon element of R.C. 2911.02(A)(1) * * * does not require the mens rea of recklessness.” In Wharf, the defendant was charged with robbery in violation of R.C. 2911.02(A)(1), which provides that “[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender’s person or under the offender’s control.” Wharf, 86 Ohio St.3d at 376, 715 N.E.2d 172. Wharf had requested an instruction that would have required the jury to find that he acted recklessly in possessing a deadly weapon during the offense, but the trial court declined to give the instruction.
{¶ 20} This court concluded that “by employing language making mere possession or control of a deadly weapon, as opposed to actual use or intent to use, a violation, it is clear to us that the General Assembly intended that R.C. 2911.02(A)(1) be a strict liability offense.” Id. at 378, 715 N.E.2d 172. The element of having a deadly weapon in one’s possession or under one’s control under R.C. 2911.02(A)(1) — an element identical to the first part of R.C. 2911.01(A)(1) — does not, therefore, require that a defendant act with a specific intent.
{¶ 21} In Wharf, this court also noted in dicta that “no use, display, or brandishing of a weapon, or intent to do any of the aforementioned acts, is necessary according to the plain language of [R.C. 2911.02(A)(1)].” Id. Lester and his amicus curiae rely on this dicta in Wharf to support their argument that a defendant must act recklessly in displaying or brandishing a deadly weapon under R.C. 2911.01(A)(1).
{¶ 22} As the amicus curiae, the public defender, points out, the aggravated-robbery statute at issue here was amended in 1996 to add the language “display the weapon, brandish it, indicate that the offender possesses it, or use it.” Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7278. The public defender argues that the additional language in the current aggravated-robbery statute suggests that the General Assembly intended to require that a defendant act with a specific intent to display the deadly weapon. Lester and the public defender point to Wharf to support that argument.
*401 {¶ 23} The state argues that Wharfs rationale applies to the aggravated-robbery statute and shows that the General Assembly did not impose a specific mens rea for the display or brandishing of a weapon under R.C. 2911.01(A)(1). The court in Wharf observed that “ [m]erely having the weapon is the potentially dangerous factual condition warranting the more severe penalty.* * *’ (Emphasis in original.)” 86 Ohio St.3d at 379, 715 N.E.2d 172, quoting State v. Edwards (1976), 50 Ohio App.2d 63, 67, 4 O.O.3d 44, 361 N.E.2d 1083. The state also argues that there is little difference between having a weapon in one’s control and displaying it and that the risk of harm to the victim in either case is elevated because of the presence of the weapon.
2.
{¶ 24} The statute’s amendment in 1996 to add language requiring a defendant to brandish or display a deadly weapon in addition to the strict-liability requirement of possession and control of the deadly weapon does not establish that the General Assembly intended to require a specific mental element. A defendant’s brandishing or displaying a deadly weapon elevates the risk to others in the vicinity of the robbery above the risk posed only by the possession or control of the deadly weapon. Cf. Wharf, 86 Ohio St.3d at 379, 715 N.E.2d 172.
{¶ 25} The statute here is distinguishable from the one at issue in State v. Clay, 120 Ohio St.3d 528, 2008-Ohio-6325, 900 N.E.2d 1000, ¶ 27. In that case, we held that for the purpose of proving the offense of having a weapon while under a disability pursuant to R.C. 2923.13(A)(3), the state had to show that the defendant acted recklessly with regard to his awareness that he was under indictment. 120 Ohio St.3d 528, 2008-Ohio-6325, 900 N.E.2d 1000, at syllabus. In Clay, we concluded that while the mere possession of a firearm was not unlawful, the additional fact of being under indictment made the act of possession criminal. When the additional fact makes innocent conduct criminal, as in Clay, it is unlikely that the General Assembly “plainly intended” to impose strict liability. By contrast, committing a theft offense is not innocent conduct. Consequently, it is reasonable that the General Assembly would impose strict liability on the additional circumstance of brandishing, displaying, using, or indicating possession of a deadly weapon, activity that enhances the seriousness of the criminal activity (from robbery, a second-degree felony, R.C. 2911.02(A)(1), to aggravated robbery, a first-degree felony, R.C. 2911.01(A)(1)).
{¶ 26} Because this court has recognized that mens rea is not required for the possession or control of a deadly weapon by a defendant in committing a robbery, Wharf, 86 Ohio St.3d 375, 715 N.E.2d 172, it would be an anomaly to construe R.C. 2911.01(A)(1) to require proof of recklessness. Cf. R.C. 1.47(C) (in enacting a statute, it is presumed that a just and reasonable result is intended).
3.
*402 {¶ 27} As in Wharf, the risk of harm in this case “quickly escalated due, in large measure, to a deadly weapon being readily accessible” to the defendant. 86 Ohio St.3d at 380, 715 N.E.2d 172. When the victim pursued Lester to get his money back, Lester pulled out a knife and said, “I know how to use this knife and I will cut you.” The use of the knife to threaten the victim “was not a case of neglect, innocent mistake, or pure accident.” Id.
{¶ 28} From the victim’s perspective, or for that matter, from a bystander’s perspective, the risk of harm increases when a defendant brandishes or displays the weapon. Cf. Dean v. United States (2009), — U.S. -, 129 S.Ct. 1849, 1855, 173 L.Ed.2d 785 (when defendant carried a firearm during a robbery, the fact that the discharge of the gun may have been accidental “does not mean that the defendant is blameless” for purposes of sentence enhancement). It is rational to conclude that the General Assembly imposed strict liability in R.C. 2911.01(A)(1) for the brandishing, display, or use-of-a-deadly-weapon element in an aggravated robbery.
4.
{¶ 29} Lester argues that under Colon I, the state must show that a defendant recklessly brandished, displayed, indicated possession of, or used the deadly weapon to prove a violation of the aggravated-robbery statute, R.C. 2911.01(A)(1). However, in Colon I, there was “no dispute” that the defendant’s indictment for robbery in violation of R.C. 2911.02(A)(2) was defective for failure to allege a mens rea. 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, ¶ 10. “[T]he state agree[d] that the omission in the indictment of one of the essential elements of the crime of robbery,” i.e., the mens rea, rendered the indictment defective. Id. at ¶ 15. This court concluded that R.C. 2911.02(A)(2) did not “plainly indicate} ] a purpose to impose strict liability.” Id. at ¶ 12.
{¶ 30} Moreover, Colon I is not dispositive of the issue here. This case addresses the defendant’s use, display, brandishing, or indicating possession of a deadly weapon under R.C. 2911.01(A)(1), unlike Colon I, which addressed the element of inflicting or threatening to inflict physical harm under R.C. 2911.02(A)(2). Additionally, as previously noted, the parties in Colon I did not contest the issue of whether R.C. 2911.02(A)(2) required a mens rea, and this court’s discussion of that issue in Colon I consequently was limited.
{¶ 31} And contrary to the suggestion in State v. Jones, 7th Dist. No. 07-MA-200, 2008-Ohio-6971, 2008 WL 5427964, this court’s summary reversal and remand order on authority of Colon I in State v. Davis, 119 Ohio St.3d 113, 2008-Ohio-3879, 892 N.E.2d 446, does not foreclose the conclusion we reach today regarding the aggravated-robbery statute. Davis involved an indictment for aggravated robbery under R.C. 2911.01(A)(1). Although the court of appeals’ opinion in Davis stated that the indictment did not specifically state a mens rea, *403 the court of appeals’ opinion did not state what the omitted mens rea element was. See State v. Davis, 8th Dist. No. 88895, 2007-Ohio-5843, 2007 WL 3203040, ¶ 34-38. Our two-sentence ruling in Davis did not follow full briefing and argument, but it simply reversed and remanded without discussing whether aggravated robbery under R.C. 2911.01(A)(1) required a mens rea with regard to the element of brandishing, display, use, or indicating possession of a weapon. Davis does not prevent us from considering this issue after full briefing and argument and reaching the conclusion we announce today regarding the aggravated-robbery statute. See, e.g., State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 9-10, 12 (summary-remand decision of this court does not settle for future cases unaddressed issues); see also State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Bur. of Workers’ Comp., 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 46. To the extent that our summary-reversal decision in Davis can be read as implicitly establishing a mens rea requirement for the element of brandishing, displaying, using, or indicating possession of a weapon in the aggravated robbery statute, R.C. 2911.01(A)(1), we reject that conclusion.
{¶ 32} We are persuaded that the General Assembly, by not specifying a mens rea in R.C. 2911.01(A)(1), plainly indicated its purpose to impose strict liability as to the element of displaying, brandishing, indicating possession of, or using a deadly weapon. Cf. R.C. 2901.21(B).
III
{¶ 33} We hold that the state is not required to charge a mens rea for this element of the crime of aggravated robbery under R.C. 2911.01(A)(1).
{¶ 34} We reverse the judgment below and reinstate Lester’s conviction.
Judgment reversed.
Moyer, C.J., and Lundberg Stratton, O’Connor, and O’Donnell, JJ., concur.
Pfeifer and Lanzinger, JJ., concur in judgment only.

. The indictment charged Lester with aggravated robbery: “JAMES LESTER, on or about the 24th day of October in the year Two Thousand and Six * * *, in committing or attempting to commit a theft offense, as defined in section 2913.01 of the Revised Code, to -wit: THEFT OF UNITED STATES CURRENCY BELONGING TO [victim two], or in fleeing immediately thereafter, had a deadly weapon on or about his person or under his control, and displayed, brandished, indicated possession or used the deadly weapon, to wit: A KNIFE, in violation of Section 2911.01(A)(1) of the Ohio Revised Code* * *.”