[Cite as *State v. Bunch*, 2013-Ohio-3748.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA3363 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JOHN A. BUNCH, | : | |
| | : | **RELEASED: 08/23/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

John A. Bunch, Chillicothe, Ohio, pro se appellant.

Matthew S. Schmidt, Ross County Prosecutor, and Jeffrey C. Marks, Ross County Assistant Prosecutor, Chillicothe, Ohio, for appellee.

_____

Harsha, J.

{¶1}   John Bunch pleaded guilty to failure to comply and other charges, and the trial court sentenced him.  After the time for direct appeal passed, he filed a motion to "vacate sentence and void conviction."  Bunch now appeals the court's denial of that motion.  He contends his failure to comply conviction is invalid because the indictment failed to include a mens rea of "recklessness" for that offense.  However, the indictment contains the correct mens rea for a violation of R.C. 2921.331(B) – willful.  Moreover, the indictment properly included no mens rea for the third-degree felony enhancement in R.C. 2921.331(C)(5)(a)(ii) because that provision imposes strict liability.  Accordingly, we affirm the trial court's denial of Bunch's motion.

I.  Facts

{¶2}   The Ross County grand jury indicted Bunch on one count of failure to comply and other offenses.  He pleaded guilty to the charges, and the trial court

sentenced him in June 2010.  Bunch did not file a direct appeal.  In December 2012,

Bunch filed a motion to "vacate sentence and void conviction" with the trial court.  He

now appeals the court's denial of that motion.

## II.  Assignments of Error

{¶3}    Bunch assigns the following errors for our review:

PLAIN ERROR, PURSUANT TO CRIM.R. § 52(B), FOR A STRUCTURAL
ERROR, TO DEFECTIVE INDICTMENT, PERTAINING TO COUNT ONE
OF THE INDICTMENT, [SEE: APPENDIX I-COPY OF THE
INDICTMENT-DATED APRIL 9, 2010], FAILURE TO COMPLY, IN
VIOLATION OF O.R.C. § 2921.331.  ["NO MENS REA ELEMENTS,
PURSUANT TO O.R.C. § 2901.22"].

## III.  The Indictment is not Defective

{¶4}    In Bunch's sole assignment of error, he contends the court erred when it

denied his motion to "vacate sentence and void conviction."  Bunch suggests the court

could not accept his guilty plea to the failure to comply charge because the indictment

failed to specify a mens rea of recklessness for that crime.  At the trial level, Bunch

argued this defect deprived the court of subject matter jurisdiction.  On appeal, he

characterizes the court's alleged error as "plain error" and "structural error."  Even if we

ignored the potential problems like res judicata presented by Bunch's argument, his

appeal is meritless because the indictment is not defective.

{¶5}    In his appellate brief, Bunch focuses on the mens rea for a violation of

R.C. 2921.331(A), which provides:  "No person shall fail to comply with any lawful order

or direction of any police officer invested with authority to direct, control, or regulate

traffic."  However, he was not charged with this offense.  Count One of the indictment

states: "That John A. Bunch, on or about the 5th day of March, 2010, in the County of

Ross aforesaid did purposely operate a motor vehicle as defined in Section 4501.01 of

the Ohio Revised Code so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop.  The operation of said motor vehicle by John A. Bunch having caused a substantial risk of serious physical harm to persons or property, in violation of Section 2921.311 of the Ohio Revised Code, and against the peace and dignity of the State of Ohio."

{¶6}    This language mirrors the language in R.C. 2921.331(B) and (C)(5)(a)(ii).  R.C. 2921.331(B) states:  "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop."  The offense constitutes a third-degree felony if R.C. 2921.331(C)(5)(a)(ii) applies, and that provision states:  "A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * (ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."

{¶7}    R.C. 2921.331(B) "specifies the degree of culpability as willful[.]"  *State v. Fairbanks*, 117 Ohio St.3d 543, 2008-Ohio-1470, 885 N.E.2d 888, ¶ 14.  The indictment clearly includes this mental state.  Moreover, " 'different elements of the same offense can require different mental states.' "  *Id.*, quoting *State v. Jordan*, 89 Ohio St.3d 488, 493, 733 N.E.2d 601 (2000).  R.C. 2921.331(C)(5)(a)(ii) is a strict liability element.  *Fairbanks* at ¶ 14.  Thus, the indictment correctly included no mens rea for this third-degree felony enhancement.  *See State v. Lester*, 123 Ohio St.3d 396, 2009-Ohio-4225, 916 N.E.2d 1038, ¶ 32-33 (finding that the State was not required to charge a mens rea for an element of a crime where the legislature indicated a purpose to impose strict

liability as to that element).

{¶8}     Because the indictment for the failure to comply count is not defective, we overrule the sole assignment of error and affirm the judgment below.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**