THE STATE OF OHIO, APPELLEE, *v.* CLAY, APPELLANT.

[Cite as *State v. Clay,* 120 Ohio St.3d 528, 2008-Ohio-6325.]

(Nos. 2007–1802 and 2007–1852—Submitted September 17, 2008—Decided December 11, 2008.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} The appellant was convicted of having a weapon while under a disability under R.C. 2923.13(A)(3) because he was "under indictment" on drug charges at the time he possessed a weapon. The question before this court is "[w]hether knowledge of the pending indictment is required for a conviction for having a weapon under disability pursuant to R.C. 2923.13(A)(3) when the disability is

based on a pending indictment." We answer that question in the negative. But we also find that the General Assembly did not intend R.C. 2923.13(A)(3) to impose strict liability. Therefore, pursuant to R.C. 2901.21(B), we hold that the mental state of recklessness applies in determining whether a defendant is aware that he or she is "under indictment." Accordingly, we reverse the judgment of the court of appeals.

## II. Facts

{¶ 2} On March 5, 2006, at approximately 1:00 a.m. outside the Gin–Gin bar in Cleveland, appellant, Howard Clay, shot and wounded Christopher Graham. At the time of the shooting, Clay was under indictment for possession and trafficking of drugs. For the 2006 shooting, a grand jury indicted Clay on charges of felonious assault under R.C. 2903.11, firearm specifications under R.C. 2941.141 and 2941.145, and having a weapon under a disability under R.C. 2923.13, i.e., using a weapon while under indictment for possession and trafficking of drugs under R.C. 2923.13(A)(3).

{¶ 3} Clay waived his right to have his case decided by a jury and tried his case to a judge. Clay argued that there was insufficient evidence to convict him of having a weapon while under a disability because he was unaware that he was under indictment at the time of the shooting. The court disagreed, holding that R.C. 2923.13(A)(3) does not require a defendant to have knowledge of the indictment. Thus, the trial judge found Clay guilty.

{¶ 4} The court of appeals affirmed the trial court's judgment of conviction, holding that R.C. 2923.13(A)(3) is a strict-liability offense. The court of appeals certified that its judgment conflicted with *State v. Burks* (June 22, 1990), Sandusky App. No. S–89–13, 1990 WL 85126, in which the court held that a defendant must have notice of a prior indictment before he or she can be convicted of having a weapon while under a disability. R.C. 2923.13(A)(3).

{¶ 5} We determined that a conflict existed. We also accepted Clay's discretionary appeal [1] and sua sponte consolidated the two appeals.

## III. Analysis

{¶ 6} Clay was convicted of having a weapon while under a disability. Therefore, we first examine R.C. 2923.13, which provides:

---

1. Clay asserted two propositions of law in his discretionary appeal: (1) whether knowledge of the disabling condition (e.g., a pending indictment for a drug offense) is an essential element of having a weapon while under a disability and (2) whether, as a matter of due process, a criminal defendant may not be convicted of having a weapon while under a disability unless he or she has received notice of the disabling condition. We find that the questions presented in these propositions are resolved when we answer the certified question.

{¶ 7} "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall *knowingly* acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

{¶ 8} " * * *

{¶ 9} "(3) The person is *under indictment* for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." (Emphasis added.)

{¶ 10} It can be seen from the above language that the General Assembly did not provide a specific mental state in R.C. 2923.13(A)(3). Thus, we must examine R.C. 2901.21(B), which addresses the treatment of criminal statutes that have no culpable mental state. R.C. 2901.21(B) provides:

{¶ 11} "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 12} "Thus, recklessness is the catchall culpable mental state for criminal statutes that fail to mention any degree of culpability, except for strict liability statutes, where the accused's mental state is irrelevant." *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, ¶ 21.

{¶ 13} Clay argues that the word "knowingly" within R.C. 2923.13(A) modifies the phrase "under indictment" within R.C. 2923.13(A)(3). Therefore, Clay argues, the state must prove that he was aware of the indictment at the time that he possessed the gun in order to convict him of having a weapon while under a disability.

{¶ 14} In examining the structure of R.C. 2923.13, we find that the General Assembly intended the word "knowingly" within R.C. 2923.13(A) to modify only the phrase "acquire, have, carry or use any firearm or dangerous ordnance." Thus, "knowingly" does not provide a culpable mental state for the phrase "under indictment" in R.C. 2923.13(A)(3). See generally *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 29 (in examining a statute structured similarly to the one herein, the court determined that "knowledge is a requirement only for the discrete clause within which it resides").

{¶ 15} Because R.C. 2923.13(A)(3) has no culpable mental state, the question now becomes whether the General Assembly plainly intended R.C. 2923.13(A)(3)

to impose strict liability or whether R.C. 2901.21(B) supplies the culpable mental state of recklessness.

{¶ 16} In the past, legislative silence as to a culpable mental state was interpreted as imposing strict liability. *State v. Lisbon Sales Book Co.* (1964), 176 Ohio St. 482, 27 O.O.2d 443, 200 N.E.2d 590, paragraph two of the syllabus. But that changed in 1974, when the legislature repealed former R.C. 2901.21 and enacted a new version of that statute, which imposes the culpable mental state of recklessness when no culpable mental state is specified, unless the legislature "plainly indicates a purpose to impose strict criminal liability." Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1897–1898. See also *State v. Buehler Food Markets, Inc.* (1989), 50 Ohio App.3d 29, 30, 552 N.E.2d 680. Thus, "[i]t is not enough that the General Assembly in fact intended imposition of liability without proof of mental culpability. Rather, the General Assembly must plainly indicate that intention in the language of the statute." *State v. Collins* (2000), 89 Ohio St.3d 524, 530, 733 N.E.2d 1118.

{¶ 17} The General Assembly knows how to define a strict-liability offense when it so desires, as evidenced in *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770. In *Lozier*, we considered whether R.C. 2925.03(C)(5)(b), which elevates trafficking in LSD to a fourth-degree felony if the offense is committed "in the vicinity of a school," imposes strict criminal liability. This subsection does not assign a culpable mental state. We looked to R.C. 2925.01, the definitional section for R.C. Chapter 2925. R.C. 2925.01(BB) provides:

{¶ 18} "An offense is 'committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within view of a juvenile, *regardless* of whether the *offender knows* the age of the juvenile, whether the *offender knows* the offense is being committed within one hundred feet of or within view of the juvenile, or *whether the juvenile actually views the commission of the offense.*" (Emphasis added.)

{¶ 19} We stated that "R.C. 2925.01(BB) makes it abundantly clear that the offender's mental state is irrelevant in determining whether an offender has committed an offense 'in the vicinity of a juvenile,'" and therefore it imposes strict liability. Id. at ¶ 36. In the instant case, we find no similar language in R.C. 2913.13(A)(3), or elsewhere in the Revised Code, that the General Assembly plainly intended to impose strict liability for this offense. Thus, we hold that R.C. 2923.13(A)(3) has no culpable mental state, nor does it contain any language that plainly indicates an intent to impose strict liability.

{¶ 20} Nevertheless, the state argues that R.C. 2923.13(A)(3) imposes strict liability pursuant to *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242. In *Maxwell*, the defendant was convicted of pandering obscenity involving a minor under R.C. 2907.321(A)(6). The issue was whether R.C.

2907.321(A)(6) imposed strict liability with regard to the importing of obscene material into the state.

{¶ 21} R.C. 2907.321 provides:

{¶ 22} "(A) No person, with *knowledge* of the character of the material or performance involved, shall do any of the following:

{¶ 23} " * * *

{¶ 24} "(6) *Bring* or *cause to be brought into this state* any obscene material that has a minor as one of its participants or portrayed observers." (Emphasis added.)

{¶ 25} In *Maxwell,* we reasoned that the inclusion of a culpable mental state in R.C. 2907.321(A) and the absence of one in R.C. 2907.321(A)(6) meant that the General Assembly intended R.C. 2907.321(A)(6) to be a strict-liability offense. Id. at ¶ 23–29. However, we also reasoned that other "indications outside the statute" supported the conclusion that R.C. 2907.321(A)(6) imposed strict liability. *Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 30. The "other indications" included the General Assembly's "strong stance against sex-related acts involving minors, as evidenced by the numerous statutes in the Ohio Revised Code providing for criminal liability for those acts." Id.

{¶ 26} While the statutory structure at issue in *Maxwell* is similar to the structure of the statute herein, *Maxwell* is distinguishable from the instant case. The crime in *Maxwell,* possession of obscene material involving a minor, is not protected by the Constitution. But possessing a weapon, when the weapon is a firearm, is a constitutionally protected right subject only to limited restrictions. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163 (the Ohio Constitution confers the right to bear arms, but that right may be limited through use of the police power). And in the instant case, it is only the additional fact of being "under indictment" that made possessing the firearm a crime under R.C. 2923.13. Thus, the acts addressed in *Maxwell* are very different from the act addressed in the instant case.

{¶ 27} Further, unlike in *Maxwell,* there are no "other indications outside" the language of R.C. 2923.13(A)(3) that *plainly indicate* an intent to impose strict liability. Specifically, we find no "strong stance" by the General Assembly against possession of firearms per se, as we found in *Maxwell* with regard to possession of child pornography. Accordingly, we find that *Maxwell* is distinguishable from the instant case.

## IV. Conclusion

{¶ 28} We find that R.C. 2923.13(A)(3) contains no culpable mental state and that the General Assembly did not plainly intend to impose strict liability. Where a statute lacks a mental state and the General Assembly did not intend

strict liability, the mental state of recklessness applies under R.C. 2901.21(B). Accordingly, for purposes of proving the offense of having a weapon while under a disability pursuant to R.C. 2923.13(A)(3), the mental state of recklessness applies in determining whether the defendant was aware that he or she was "under indictment."

{¶ 29} Because the trial court never determined whether Clay acted recklessly with regard to being aware that he was "under indictment," we remand the cause to the trial court to determine that issue. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER and CUPP, JJ., concur.

LANZINGER, J., concurs separately.

O'CONNOR, J., concurs in judgment only.

O'DONNELL, J., dissents.

---

**LANZINGER, J., concurring.**

{¶ 30} I believe that it is important to emphasize that a defendant's awareness of the possibility of an existing indictment is a necessary element in proving recklessness pursuant to R.C. 2923.13(A)(3) when the disability alleged is based on a pending indictment.

{¶ 31} The definitions of the mental states of "knowingly" and "recklessly" are somewhat blurred. "A person acts recklessly when, with heedless indifference to the consequences, he *perversely disregards a known risk* that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he *perversely disregards a known risk* that such circumstances are likely to exist." (Emphasis added.) R.C. 2901.22(C). In other words, because a person who acts with recklessness acts with indifference to a *known* risk, some knowledge is required to satisfy the definition of recklessness.

{¶ 32} With respect to the mental state of "knowingly," "[a] person acts *knowingly,* regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." (Emphasis added.) R.C. 2901.22(B). Awareness, then, is key to both definitions. It is the level of awareness, however, that separates the two levels: " 'If the result is probable, the person acts "knowingly"; if it is not

probable, but only possible, the person acts "recklessly" if he chooses to ignore the risk.' " *In re Judicial Campaign Complaint Against Emrich* (1996), 75 Ohio St.3d 1517, 1519, 665 N.E.2d 1133, quoting *State v. Edwards* (1992), 83 Ohio App.3d 357, 361, 614 N.E.2d 1123.

{¶ 33} By virtue of the mental state required, as applied to this case, the trial court may convict Clay under R.C. 2923.13(A)(3) only if he acted with heedless indifference, perversely disregarding a known risk that he may have had an indictment pending.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Freeman, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.