Brown, C.J.,
dissenting.
{¶ 45} R.C. 2901.21(A)(2) expressly provides that a person is not guilty of a criminal offense absent proof “of culpability for each element as to which a culpable mental state is specified by the section defining the offense.” (Emphasis added.) Directly contrary to this statutory mandate, the majority determines that where the General Assembly “has included a mens rea for one element but not for the other elements in the section defining the offense,” no culpable mental state will be required for the latter elements. (Emphasis sic.) Majority opinion, ¶ 38. The majority concludes that “[f]or these offenses, if the General Assembly intends for the additional elements to carry their own mens rea, it must say so.” Id. I fear that this holding of potentially breathtaking scope will produce untold confusion and litigation as prosecutors, defense counsel, and courts struggle to apply it.[6]
*117 {¶ 46} R.C. 2901.21(B) establishes rules for determining the required degree of culpability (or mens rea), if any, where a section of the criminal code fails to specify mens rea. The majority states that R.C. 2901.21(B) does not apply to prosecutions for violations of the criminal code in which “the General Assembly has specified a mens rea in only one discrete clause or subsection of a section defining the offense,” but not in another discrete clause or subsection. Majority opinion at ¶ 31. The majority includes R.C. 2923.23(A)(3), the statute forbidding having weapons while under a disability (“WUD”), in this category of cases. I agree.
{¶ 47} I disagree, however, with the next analytical step taken by the majority. Having found that R.C. 2901.21(B) does not apply to a WUD offense, the majority determines that the express degree of culpability specified by the General Assembly for conviction of a WUD offense (“knowingly”) applies only to the element of possessing weapons and not to the remainder of elements set forth in the WUD statute. The majority concludes that strict liability may be imposed as to some elements of a statutorily defined offense, despite the express inclusion of a required state of culpability in another “discrete clause or subsection of a section defining the offense.” Id.
{¶ 48} R.C. 2901.21(A)(2) establishes that a person is not guilty of a criminal offense absent proof “of culpability for each element as to which a culpable mental state is specified by the section defining the offense” (emphasis added)— not a statutory subsection or subdivision or “discrete clause” contained in the section defining the offense. The general rule established in R.C. 2901.21(A)(2) applies, by the express language of the statute, where the General Assembly has included a required degree of culpability within a section of the code defining a criminal offense. As to those offenses, the strict-liability fallback rules of R.C. 2901.21(B) are irrelevant. Accordingly, in my view, and consistent with R.C. 2901.21(A)(2), conviction of a WUD offense should be dependent upon proof of the required degree of culpability (“knowingly”) for “each element” of that offense, i.e., both (1) possession of a weapon and (2) the fact that created the disability to the carrying of a weapon, e.g., conviction of certain drug offenses (as in the case at bar) or indictment for certain drug offenses (as in State v. Clay, 120 Ohio St.3d 528, 2008-Ohio-6325, 900 N.E.2d 1000). The first clause of R.C. 2901.21(A) requires that a person charged with a criminal offense have the requisite degree of culpability for each element of the offense. The culpable mental state specified for a WUD conviction under R.C. 2923.13(A)(3) is “knowingly,” and “knowingly” is thus the culpable mental state “specified by the section defining the [WUD] offense.”
*118 {¶ 49} Nothing in the text of the WUD statute justifies the conclusion that the General Assembly’s legislative drafting choice not to expressly repeat the word “knowingly” in subsection (A)(3) reflects a legislative determination that no culpability requirement exists as to the subsection (A)(3) element. Indeed, the contrary inference should be drawn in accordance with generally accepted principles of criminal law. See, for example, the dictionary definition of culpability stated in Black’s Law Dictionary (9th Ed.2009) 435: “Except in cases of absolute liability, criminal culpability requires a showing that the person acted purposely, knowingly, recklessly or negligently with respect to each material element of the offense.” (Emphasis added.) In contrast, in Clay, this court determined that “recklessly” rather than “knowingly” was the degree of culpability required to be proved as to the defendant’s status of being under indictment. That is, the court held that in order to obtain a conviction of the WUD offense established in R.C. 2923.13(A)(3) the state was required to prove the mens rea element of recklessness as to the defendant’s awareness that he had been indicted. Had I been a member of the court in 2008, when State v. Clay was decided, I would have taken the position that the correct answer to the question certified to the court[7] was as follows: Knowledge of the pending indictment is required for a conviction for having a weapon while under disability pursuant to R.C. 2923.13(A)(3) when the disability is based on a pending indictment. But the court in Clay held otherwise. I recognize that Clay is a case decided barely two years ago, and I acknowledge its status as controlling precedent.
{¶ 50} The court of appeals did not find it difficult to apply Clay to the case at bar, nor should it have. The General Assembly has expressly provided that proof that an accused acted “knowingly” also constitutes proof that the defendant acted “recklessly.” R.C. 2901.22(E) (“When recklessness suffices to establish an element of an offense, then knowledge or purpose is also sufficient culpability for such element”). Thus, in accordance with Clay, the state in the case at bar could have proved the culpable mental state of recklessness required for a WUD conviction by demonstrating that Johnson actually knew, or was at least reckless in not knowing, at the time of possessing the weapon, that he had been previously convicted of a drug-abuse charge. The state would have had little difficulty in proving this fact in its prosecution of Johnson — its burden could have been satisfied by the production of proof that the defendant knew that he had been convicted of a drug-abuse charge. The prosecutor needed only to introduce evidence from the record of the earlier criminal proceedings — Johnson undoubt *119 edly was told during the sentencing process after conviction of the drug offenses that he had been found guilty of drug offenses.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Freeman and Daniel Van, Assistant Prosecuting Attorneys, for appellant.
Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee.
{¶ 51} Contrary to the suggestion of the state, the court of appeals in the case at bar did not require the state to prove that the defendant was reckless in not knowing the legal consequences of being under indictment. Nowhere in its opinion did the court of appeals suggest that the state was required to prove that the defendant knew that the fact that he was under indictment meant that he could not legally carry a weapon. Nor does this court’s opinion in Clay imply that requirement. The effect of Clay was that the state in WUD prosecutions must prove that if the defendant did not actually know he was under indictment or had been convicted of a drug offense, he was at least reckless in not knowing that fact at the time he possessed the weapon. Nothing in Clay warrants the conclusion that the state must prove additionally that a person charged with a WUD offense knew, or was reckless in not knowing, that a legal consequence of an indictment or conviction was that he or she was prohibited by law from possessing a weapon. To do so would contradict the well-established principle that ignorance of the law is no excuse.
{¶ 52} I do not believe that Clay can be logically distinguished from the case at bar. Johnson was convicted of R.C. 2923.13(A)(3) just as Clay was — even though the disability in Clay resulted from an indictment for drug offenses and the disability in Johnson resulted from convictions of drug offenses. Thus, the factual underpinnings of the case at bar differ from the facts in Clay only in that, in this case, Johnson had not only been indicted but had also been convicted of the drug offense. I believe that these two circumstances present a distinction without a difference for purposes of legal analysis of the culpability requirements for a WUD conviction and that attempts to rationally distinguish Clay from the case before us are futile.
{¶ 53} In my view, the court of appeals correctly applied Clay. I do not believe that adequate justification existed for this court to accept the case at bar for review. I would therefore dismiss the state’s appeal in this case as having been improvidently accepted. There not being a majority of votes in favor of that disposition, it is my opinion that the judgment of the court of appeals should be affirmed. I therefore respectfully dissent.
*120 D. Timothy Huey, urging affirmance for amicus curiae, Ohio Association of Criminal Defense Lawyers.

. {¶ a} By way of example, consider R.C. 2913.02(A), which establishes the crime of theft by providing:
{¶ b} “No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the propeHy or services in any of the following ways:
{¶ c} “(1) Without the consent of the owner or person authorized to give consent.” (Emphasis added.)
{¶ d} Presumably, because no culpability requirement is expressly stated as to the subsection (A)(1) element of the crime, the majority would allow conviction for theft even in the absence of proof that the alleged offender knew or was reckless or negligent as to whether he or she lacked the *117 consent of the owner to use the property. Teenaged drivers throughout Ohio might well henceforth beware of using the family car.

. In Clay, the 8th District Court of Appeals had certified the following issue to this court: “Whether knowledge of the pending indictment is required for a conviction for having a weapon while under disability pursuant to R.C. 2923.13(A)(3) when the disability is based on a pending indictment.”