[Cite as *State v. Johnson*, 2011-Ohio-2142.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 91701

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STEVEN JOHNSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-509170

**BEFORE:** Rocco, J., S. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** May 5, 2011

-i-

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Chief Public Defender

BY:   John T. Martin
       Cullen Sweeney
       Assistant Public Defenders
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Thorin O. Freeman
       Daniel T. Van
       Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

**{¶ 1}** This case has been remanded to this court for further determination from the Ohio Supreme Court pursuant to *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347 ("*Johnson II*").

**{¶ 2}** The underlying facts of this case were set forth previously in *State v. Johnson*, Cuyahoga App. No. 91701, 2009-Ohio-3101 ("*Johnson I*").[1] This court relied on the supreme court's decision in *State v. Clay*, 120 Ohio St.3d 528, 2008-Ohio-6325, 900 N.E.2d 1000, in determining that defendant-appellant Steven Johnson's conviction, after a jury found him guilty of having a weapon while under disability ("HWD"), required reversal due to structural flaws in the indictment and trial.

**{¶ 3}** In making the foregoing determination, this court was constrained to follow *Clay*; it did not anticipate the precedent set in *Clay* would be so short-lived. The supreme court, however, rethought its position in *Clay*, decided it had been "imprecise," reversed this court's determination, and remanded this case for this court to consider Johnson's other assignments of error.[2]

---

[1]Consequently, the circumstances that led to Johnson's conviction need not be restated.

[2]This court also relied on *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, and *State v. Colon*, 119 Ohio St.3d 304, 2008-Ohio-3749, 893 N.E.2d 169. It may now be stated that *Colon* is dead (118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917). Long live *Colon*

{¶ 4} Johnson's first three assignments of error[3] take issue with certain instructions the trial court provided to the jury, and the admission of certain statements into evidence.

{¶ 5} Upon a review of the record, Johnson's other assignments of error lack merit. Since *Johnson II* overruled his fourth assignment of error, his conviction is affirmed.

{¶ 6} Johnson's first three assignments of error state:

{¶ 7} "**I. The trial court erred when it instructed the jury that it could not find that both the state had proven its prima facie case and the defendant had proven his affirmative defense and when it further suggested that the affirmative defense in this case pertained solely to motive.**

{¶ 8} "**II. The trial court erred when it permitted the jury to consider the possession of a counterfeit substance as a disabling conviction.**

{¶ 9} "**III. The trial court plainly erred when it permitted the**

---

(Cuyahoga App. No. 87499, 2006-Ohio-5335).

[3]Johnson's fourth assignment of error, which the supreme court determined lacked merit, stated:
"IV. The trial was structurally flawed because the indictment failed to allege, and the jury failed to consider, whether the defendant was aware that he had been convicted of a crime that prevented him from possessing a firearm."

**investigating detective to comment on the evidence and on the defendant's truthfulness."**

{¶ 10} Johnson argues in his first assignment of error that the trial court provided improper jury instructions. He complains that the trial court misinformed the jury on the relevant burdens of proof in this case, especially with respect to his affirmative defense. The record demonstrates defense counsel acquiesced to the court's instructions.

{¶ 11} Crim.R. 30(A) provides in pertinent part:

{¶ 12} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."

{¶ 13} Pursuant to this rule, the failure to object to a jury instruction in a timely manner generally constitutes a waiver of any claimed error relative to the instructions. *State v. Williams* (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364. Under Crim.R. 52(B), however, this court has the power to recognize plain error or defects involving substantial rights even if they are not brought to the attention of the trial court. *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. Johnson asserts plain error occurred.

{¶ 14} A reviewing court, however, should invoke the plain error

doctrine with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice. *State v. Jenks* (1991), 61 Ohio St.3d 259, 282, 574 N.E.2d 492; *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Thus, plain error does not exist unless, but for the error, the outcome of the proceeding would have been different. *Jenks* at 282; *Moreland* at 62; *Long* at paragraph two of the syllabus.

{¶ 15} Johnson complains that the following instructions constituted plain error that compromised his right to a fair trial:

{¶ 16} "All right. Burden of proof. Now, you know that anyone accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt. So a defendant must be acquitted unless the State produced evidence which convinced you beyond a reasonable doubt of every essential element of the crime charged."

{¶ 17} After defining "reasonable doubt" and each of the elements of HWD, the court explained that "disability" meant "a person who has *previously been convicted of an offense involving the illegal possession*, use, sale, distribution or trafficking in any *drug of abuse*. (Emphasis added.) "

{¶ 18} The court then proceeded:

{¶ 19} " * * * [T]here has been *a stipulation that Steven Johnson* with counsel on or about the 10th day of August 1994, in Cuyahoga County

Common Pleas Court case number 311364 *had been convicted of the crime of drug possession* and in violation of R.C. 2925.11. And that on September 4th, 2003 in the Court of Common Pleas, Cuyahoga County case number 434414 had been convicted of the crime of possession of counterfeit controlled substance in violation of 2925.37.

{¶ 20} "Now, does everybody understand this charge of having weapon while under disability? They have to prove on that date, in this county, in this State, this defendant violated all four elements. * * * .

{¶ 21} " * * * So if you find the State proved beyond a reasonable doubt all the essential elements your duty is to find the defendant guilty.

{¶ 22} "If you find the State failed to prove beyond a reasonable doubt any one or more of the essential elements of the crime, then your duty is to find the defendant not guilty.

{¶ 23} "Now, there is an affirmative defense claimed here. The defendant claims that * * * he acquired the .38 caliber firearm at issue while disarming [another person]. He denies bringing the gun to the apartment or having the weapon until he was assaulted and took it from her.

{¶ 24} "The burden of proving this affirmative defense is on the defendant. He must establish such a defense by the preponderance of the evidence.

{¶ 25} "Remember I gave you the burden of proof. The burden of proof in all criminal cases is proof beyond a reasonable doubt. * * * And the burden of proof of the offense always remains with * * * the State of Ohio in a felony criminal case.

{¶ 26} "But if someone puts on a defense, an affirmative defense * * * the level of proof is that they must establish such a defense by, it's called by a preponderance of the evidence. It's a different standard, it's a lower standard than proof beyond a reasonable doubt.

{¶ 27} " * * * Consider all the evidence. In determining whether or not an affirmative defense has been proved by a preponderance of the evidence, you should consider all of the evidence bearing upon that affirmative defense regardless of who produced it.

{¶ 28} "If the weight of the evidence is equally balanced or if you are unable to determine which side of an affirmative defense has the preponderance, then the defendant has not established such a defense.

{¶ 29} " * * * Now, if the defendant fails to establish his defense, the State still must prove to you beyond a reasonable doubt all of the elements charged. * * *

{¶ 30} " * * * If that [affirmative defense] fails, * * * you concentrate on did the State prove * * * having weapon while under disability. Everybody

follow that concept?

**{¶ 31}** "But if you find the defense proved the affirmative defense by a preponderance of the evidence, then you must find the defendant not guilty.

**{¶ 32}** "If, however, you *find* that he knowingly acquired, had, used, a firearm and was disabled from doing so because of a previous conviction under 2925.11 or 2925.37 of the Ohio Revised Code, *then* the defendant failed to prove by a preponderance of the evidence *and you find the defendant failed to prove by the preponderance of the evidence the affirmative defense, then* you must find the defendant guilty of having a weapon while under disability.

**{¶ 33}** "Does everybody follow that? * * * [T]he State has the higher [burden of proof], and it always remains with the State. But if the defense wants to put on an affirmative defense, they can do so and * * * they must prove theirs in order to carry the day on the affirmative defense by a preponderance of the evidence.

**{¶ 34}** "Now, let's * * * go back to the hypothetical [of a case of robbery], the affirmative defense [of alibi] fails and let's say the jury didn't have the evidence that the guy [the State] accused was the guy under the mask at the bank robbery. What does the jury do? Right, not guilty. [The State] still has the burden of proof.

**{¶ 35}** "But [in the hypothetical,] if they find that the State proved he

was the guy under the mask, that's the only issue. I used the simple hypothetical on film with ten witnesses, it's simple * * * . If [the State] proves it was him, then you have to find him guilty, right?

{¶ 36} "But if [the State's] *only* evidence is that the alibi failed, then their case also fails, too, the State's case also fails. *Both can happen* [in the hypothetical]; the alibi can fail and the State's case can fail. Everybody understand? Failure of an affirmative defense does not mean guilty of the offense. [In the hypothetical,] [t]wo separate burdens of proof, but only one can be proven. *You can't have both*; can't have the State prove their case [of identity] and an affirmative defense [of alibi]. [In the hypothetical,] *[b]oth can fail, only one can be proved.* One meets the burden, either the State or the defense. Everybody follow that? All right. (Emphasis added.)"

{¶ 37} This court must review jury instructions in the context of the entire charge. *State v. Hardy* (1971), 28 Ohio St.2d 89, 92, 276 N.E.2d 247. In *Hardy*, the court held:

{¶ 38} "In determining the question of prejudicial error in instructions to the jury, the charge must be taken as a whole, and the portion that is claimed to be erroneous or incomplete must be considered in its relation to, and as it affects and is affected by the other parts of the charge. If from the entire charge it appears that a correct statement of the law was given in such a

manner that the jury could not have been misled, no prejudicial error results."

{¶ 39} Taken as a whole and in context, this court cannot find the trial court's instructions amounted to error, plain or otherwise. The trial court defined each element of the offense the state was required to prove beyond a reasonable doubt, and instructed the jury that, in this case, the state was required to prove its case before the jury could consider whether Johnson met his lower burden of proof on his affirmative defense. The trial court merely made a comparison to demonstrate a jury's duty would be different in another type of case.

{¶ 40} Therefore, the jury instructions were appropriate, and Johnson's first assignment of error is overruled.

{¶ 41} Johnson next argues that the trial court erred when it allowed into evidence proof of his previous conviction for possession of counterfeit drug of abuse. Johnson concedes he stipulated to this prior conviction, but contends he did so under protest. At any event, Johnson was accused of violating R.C. 2923.13, which states   in pertinent part:

{¶ 42} "(A) Unless relieved from disability * * * , no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

**{¶ 43}** " * * *

**{¶ 44}** "(3) The person * * * has been convicted of *any offense involving* the illegal possession, use, sale, administration, distribution, or trafficking in any *drug of abuse* * * * ." (Emphasis added.)

**{¶ 45}** R.C. 2925.01 states in pertinent part:

**{¶ 46}** "(G) 'Drug abuse offense' means any of the following:

**{¶ 47}** "(1) A violation of division (A) of section 2913.02 that constitutes theft of drugs, or a violation of section 2925.02, 2925.03, 2925.04, 2925.041, 2925.05, 2925.06, *2925.11*, 2925.12, 2925.13, 2925.22, 2925.23, 2925.24, 2925.31, 2925.32, 2925.36, *or 2925.37* of the Revised Code;

**{¶ 48}** "(H) 'Felony drug abuse offense' means any drug abuse offense that would constitute a felony under the laws of this state, any other state, or the United States." (Emphasis added.)

**{¶ 49}** The record reflects Johnson previously had been convicted of a violation of R.C. 2925.11, and for violation of R.C. 2925.37. The state was required to prove each element of R.C. 2923.13 in order to secure a conviction against Johnson in this case. Since, when the statutes are read in context, both of these offenses are defined in R.C. 2925.01 as felony offenses involving a drug of abuse as set forth in R.C. 2923.13(A)(3), the trial court committed no error in allowing Johnson's stipulations into evidence. See, e.g., *State v.*

*Jones* (May 2, 1995), Franklin App. No. 94APA08-1209.

{¶ 50} Accordingly, Johnson's second assignment of error also is overruled.

{¶ 51} In his third assignment of error, Johnson argues the trial court improperly permitted the investigating detective to testify about his experiences with defendants who made voluntary statements. Johnson contends the detective made a comment on Johnson's credibility in violation of *State v. Boston* (1989), 46 Ohio St.3d 108, 545 N.E.2d 1220.

{¶ 52} The record reflects that during cross-examination of the detective, Johnson asked whether the detective sought to obtain statements close in time to the incident because they were "usually * * * more reliable." Johnson then proceeded by his questions to contrast his own statement with the trial testimony the state's witnesses gave concerning the circumstances surrounding the incident. Thus, Johnson "opened the door" to the testimony of which he now complains. *State v. Uselton*, Ashland App. No. 03COA032, 2004-Ohio-2385, ¶119; cf., *State v. Dzelajlija*, Cuyahoga App. No. 88805, 2007-Ohio-4050.

{¶ 53} At the conclusion of his redirect examination of the detective, the prosecutor asked, without objection, whether the detective remembered Johnson's question, and whether the detective had "ever had a defendant lie

to [him]?" Johnson apparently realized the prosecutor's question was justified, because Johnson raised no objection. See, e.g., *State v. Essinger*, Hancock App. No. 5-03-15, 2003-Ohio-6000, ¶27; *State v. Shafer*, Cuyahoga App. No. 79758, 2002-Ohio-6632, ¶53-55.

**{¶ 54}** Consequently, Johnson's third assignment of error also is overruled.

**{¶ 55}** Johnson's fourth assignment of error having been rejected by the Ohio Supreme Court in *Johnson II*, his conviction is, therefore, affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR